**E-Filed 9/28/10**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>AUSAF UMAR SIDDIQUI,<br><br>  Defendants. | Case No. 5:09-CR-00018-JF (HRL)<br><br>ORDER[1] DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT |

Ausaf Umar Siddiqui ("Siddiqui") moves to dismiss the indictment. The Court has read and considered the moving, responding, and reply papers, and the oral argument presented by counsel at the hearing on August 26, 2010. For the reasons discussed below, the motion will be denied.

**I. BACKGROUND**

The indictment filed on January 6, 2009 alleges the following:

Siddiqui was the Vice President of Merchandising and Operations for Fry's Electronics, Inc. ("Fry's"). Indictment ¶ 1. In 2003, when he was promoted to that position, Siddiqui convinced Fry's that it could save money by eliminating sales representatives who brokered deals between Fry's and vendors and charged a commission. *Id.* ¶ 8.a. Fry's agreed that Siddiqui

---

[1] This disposition is not designated for publication in the official reports.

Case No. 5:09-CR-00018-JF (HRL)
ORDER DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT
(JFEX2)

could broker the deals directly. *Id.*

Beginning at some point before June 2005 and continuing through November 2008, Siddiqui made deals with certain vendors who provided kickbacks in exchange for business. *Id.* ¶ 8.c. The kickbacks were based on the amount of merchandise purchased by Fry's. *Id.* ¶ 8.e. The vendors made the kickback payments to PC International, LLC ("PCI"), a company founded and controlled by Siddiqui. *Id.* ¶¶ 5, 8.c. Siddiqui failed to disclose information to Fry's about the deals he struck with vendors, the payments that vendors made to PCI, and his relationship with PCI. *Id.* ¶¶ 8.d, 8.e.

On January 6, 2009, the grand jury returned an eleven-count indictment. *See generally id.* The charges against Siddiqui included five counts of wire fraud, four counts of money laundering, one count seeking forfeiture of wire fraud proceeds, and one count seeking forfeiture of money laundering proceeds. *Id.*

The wire fraud counts are charged under 18 U.S.C. § 1343. Siddiqui moves to dismiss those counts on the ground that a *different* statute, 18 U.S.C. § 1346, is unconstitutionally vague on its face and as applied. He also claims that the indictment is insufficient because it fails to allege harm and that Counts Two through Five of the indictment are multiplicitious.

## II. DISCUSSION

### A. The Constitutionality of Section 1346 Is Irrelevant

The Government contends that the constitutionality of § 1346 is irrelevant because §§ 1343 and 1346 are not "inextricably tied," and it neither relies upon § 1346 in the indictment nor plans to rely on § 1346 at trial. Opp'n to Mot. to Dismiss (Dkt. No. 27) at 6-7. Siddiqui contends that § 1346 does not describe a separate crime, but merely clarifies the term "scheme or artifice to defraud," and that its constitutionality necessarily affects the Government's ability to proceed under § 1343. Reply to Opp'n to Mot. to Dismiss (Dkt. No. 31) at 2.

18 U.S.C. § 1343 provides:

> "Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire . . . any writings . . . for

2

the purpose of executing such scheme or artifice, shall be fined . . . or imprisoned . . . ." 18 U.S.C. § 1343 (2000). 18 U.S.C. § 1346 provides that " 'scheme or artifice to defraud' *includes* a scheme or artifice to deprive another of the intangible right of honest services." 18 U.S.C. § 1346 (2000) (emphasis added).

This Court concludes that §§ 1343 and 1346 are not inextricably tied.  The two sections give rise to alternative theories: (1) money-or-property fraud under § 1343; and (2) honest-services fraud under § 1346. *See Black v. United States*, 130 S. Ct. 2963, 2966 (2010) (acknowledging that the government had pursued alternate theories).  Before § 1346 was enacted, the Government could prosecute under § 1343 alone and the enactment of § 1346 did not change this fact.  Since § 1346 was enacted, courts have held that in cases involving only money or property fraud, it is unnecessary to determine whether acts pursuant to the alleged scheme took place before or after the enactment of § 1346. *See, e.g.*, *United States v. Paccione*, 739 F. Supp. 691, 702 (S.D.N.Y. 1990) (holding that § 1346 was inapplicable because the scheme involved a property interest).  The word "includes" in § 1346 suggests that the statute merely codifies an additional theory or an additional definition of "scheme or artifice to defraud."  For these reasons, the Court concludes that §§ 1343 and 1346 are not inextricably tied and reliance in the indictment on § 1343 does not automatically incorporate § 1346.

### B. Section 1346 Is Not Unconstitutionally Vague

Siddiqui contends the definition of "scheme or artifice to defraud" in § 1346 of Title 18, as used in § 1343 is vague both facially and as applied to cases such as his, in which there is no contemplated economic harm to the employer. Mot. to Dismiss (Dkt.No. 21) at 3.  Even if § 1346 were relevant, the Court would conclude otherwise.

#### 1. Section 1346 Is Not Unconstitutionally Vague on its Face

Siddiqui claims that "there is no clear definition of the 'honest services' provision." Mot. to Dismiss (Dkt. No. 21) at 3.  To satisfy due process under the vagueness doctrine a criminal statute must "define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and

discriminatory enforcement." *Kolender v. Lawson*, 461 U.S. 352, 357 (1983).  In June 2010, the Supreme Court ruled that § 1346, properly interpreted, is not unconstitutionally vague. *See Skilling v. United States*, 130 S. Ct. 2896 (2010) (holding that even though the former chief executive officer of a bankrupt corporation could be prosecuted under the statute, the government had not alleged bribery or kickbacks).  In *Skilling*, the Court construed the statute rather than invalidating it, and held that it criminalizes only bribes and kickbacks. *Id.* at 2931. In light of *Skilling*, Siddiqui's facial vagueness challenge to § 1346 is without merit.

### 2. Section 1346 Is Not Unconstitutionally Vague as Applied

Siddiqui next argues that § 1346 is unconstitutionally vague as applied to his context because the indictment does not allege that he "contemplated any economic harm to his employer." Mot. to Dismiss (Dkt. No. 21) at 4.  He claims that, without such a limitation, § 1346 "potentially criminalizes 'any breach of duty of loyalty in the private employment context.' " *Id.* at 5 (quoting *United States v. Vinyard*, 266 F.3d 320, 328 (4th Cir. 2001)). He asserts that § 1346 creates a "standardless sweep" that gives too much discretion to police, prosecutors and juries. *Id.*

The petitioner in *Skilling* also challenged § 1346 on this ground.  The Supreme Court perceived  "no significant risk that the honest-services statute . . . will be stretched out of shape." *Skilling*, 130 S. Ct. at 2933.  In particular, the Court did not limit the applicability of the honest-services statute to public-sector relationships. *See id.* at 2926-27 (noting that "courts also recognize[] private-sector honest services fraud" even though most cases involve public officials).  In fact, the Court suggested that Skilling, a private sector employee, could have been prosecuted under the honest-services fraud provision if the Government had alleged bribery or kickbacks. *See id.* at 2934.  The Court's construction of § 1346 "define[d] honest services with clarity." *Id.* at 2933.  The Court noted that the terms "bribery" and "kickback" derive their meanings from other federal statutes, and it held that a criminal defendant who participated in such crimes "cannot tenably complain about prosecution under § 1346 on vagueness grounds." *Id.* at 2934 (denying Skilling's argument that § 1346 would permit policemen, prosecutors, and

juries to prosecute in an arbitrary manner).

Siddiqui also argues that the statute is vague because of the inherent difficulty of discerning what intangible rights have been violated. Reply to Opp'n to Mot. to Dismiss (Dkt. No. 31) at 3 n.1. *Skilling* acknowledged that § 1346 is potentially broad and that courts are divided on how to interpret the statute in this respect. *Skilling*, 130 S. Ct. at 2928 (citing *United States v. Black*, 530 F.3d 596, 600-602 (7th Cir. 2008), *vacated on other grounds*, 130 S. Ct. 2963 (2010); *United States v. Sun-Diamond Growers of Cal.*, 138 F.3d 961, 973 (D.C. Cir. 1998)) (noting specifically the disagreement with respect to whether a defendant must contemplate that the victim suffer economic harm). Nonetheless, the Supreme Court confirmed that its role is to construe statutes before invalidating them, and other federal courts should do the same. *See id.* at 2929-30. While the Court did not attempt to reconcile the various interpretations of § 1346 by lower courts, it observed that courts have uniformly declined to hold that the statute is irremediably vague. *Id.* Notably, *United States v. Jain*—a case that Siddiqui relies upon here—did not reverse the defendants' convictions on vagueness grounds, but rather did so because the government had failed to establish harm. *United States v. Jain*, 93 F.3d 436, 441-43 (8th Cir. 1996).

### C. Economic Harm Need Not Be Alleged in the Indictment

While the government does not concede that § 1346 requires an express allegation of economic harm in the indictment, it contends that any such requirement has been satisfied here. Sufficiency of an indictment is reviewed de novo. *United States v. Alber*, 56 F.3d 1106, 1111 (9th Cir. 19950. To be sufficient, an indictment must state all the elements of the crime charged, sufficiently apprise the defendant of the nature of the charges, and allow the defendant to plead the judgment as to a bar to any future prosecutions. *Russell v. United States*, 369 U.S. 749, 763-64 (1962). The sufficiency of an indictment must be tested by what is charged and not what might have been charged. *United States v. Debrow*, 346 U.S. 374, 378 (1953); see also *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir.1996) (holding that the court is not to consider evidence which does not appear on the face of the indictment in a pretrial motion under Federal

5

Rule of Criminal Procedure 12(b)(2)).  Nonetheless, the indictment must be construed as a whole and be read to include facts necessarily implied by the specific allegations made.  *United States v. Givens*, 767 F.2d 574, 584 (9th Cir. 1985).

The elements of mail and wire fraud are: (1) proof of a scheme to defraud; (2) using the mails or wires to further the fraudulent scheme; and (3) specific intent to defraud.  *United States v. Sullivan*, 522 F.3d 967, 974 (9th Cir. 2008) (citing 18 U.S.C. §§ 1341, 1343).  Section 1343 has been interpreted broadly, and the Supreme Court has held that "individuals who retain or misappropriate the money or property of others, regardless of how they acquired it, fall within the purview of mail or wire fraud."  *United States v. Jones*, 472 F.3d 1136, 1139 (9th Cir. 2007).  Intent to defraud "may be established by circumstantial evidence," *United States v. Rogers*, 321 F.3d 1226, 1230 (9th Cir. 2003), and the scheme itself may be probative circumstantial evidence.  *United States v. Plache*, 913 F.2d 1375, 1381 (9th Cir. 1990).  Intent also may be inferred from misrepresentations made by the defendants.  *See United States v. Lothian*, 976 F.2d 1257, 1267-68 (9th Cir. 1992).

The indictment alleges that Siddiqui "did knowingly and intentionally devise a scheme and artifice to defraud as to a material matter, and to obtain money and property by means of materially false and fraudulent pretenses, representations, promises, and omissions, knowing that the pretenses, representations, promises, and omissions were false and fraudulent when made."  Indictment ¶ 7.  These allegations clearly are sufficient to satisfy the pleading requirement with respect to § 1343.  While the Court concludes that §§ 1343 and 1346 are not inextricably tied, even if § 1346 were relevant it is far from clear that the indictment must allege an intent to cause actual harm to the victim.  *Compare United States v. Frost*, 125 F.3d 346, 369 (6th Cir. 1997) (holding that a defendant accused of scheming to deprive another of honest services does not have to intend to inflict an economic harm upon the victim), *with United States v. Jain*, 93 F.3d 436 (8th Cir. 1996) (holding that a defendant must have caused or intended to cause some actual harm to the victim).  In light of its conclusion with respect to § 1346, the Court need not resolve the split in circuit authority.

**D. The Wire Fraud Counts Are Not Multiplicitious**

Finally, Siddiqui contends that Counts Two through Five should be dismissed on the ground that they are multiplicitious. Reply to Opp'n to Mot. to Dismiss (Dkt. No. 31) at 4-6. Under the wire fraud statute, "each use of the wires . . . constitutes a separate offense." *United States v. Garlick*, 240 F.3d 789,792 (9th Cir. 2001). "The test for multiplicity is whether each count 'requires proof of an additional fact which the other does not.'" *Id.* at 794 (quoting *Blockbuster v. United States*, 284 U.S. 299, 304 (1932)). A separate use of the wires requires proof of an additional fact, "namely, the occurrence of [an additional] wire transmission" even if each count revolved around the same scheme to defraud. *Id.* To establish this separate occurrence, the government must allege that the defendant "transmits or causes to be transmitted" each wire. *See* 18 U.S.C. § 1343.

Siddiqui claims that "the indictment fails to allege that the separate monetary transfers were each separately *caused* by [him]." Reply to Opp'n to Mot. to Dismiss (Dkt. No. 31) at 5. However, the indictment alleges that Siddiqui "did knowingly transmit and cause to be transmitted" each of the wire communications in Counts One through Five. Indictment ¶ 10. As in *United States v. Garlick*, each count thus requires proof of the separate facts surrounding each use of a wire. Siddiqui's multiplicity argument thus is without merit.

### III. ORDER

The motion to dismiss is DENIED.

DATED: 9/28/10

_____
JEREMY FOGEL
United States District Judge